## In re HILTON.

No. 2886.   Decided September 14, 1923.   (218 Pac. 273.)

ATTORNEY AND CLIENT—DECREE OF DISBARMENT ANNULLED UPON APOLOGY AND SHOWING OF PROPER CONDUCT. Where applicant has been disbarred because of criticisms of the members of the Supreme Court in disrespectful language, and he in good faith has made full and complete apology, admitting his error, is an honored member of the bar of several other states, and his conduct since disbarment has been exemplary, the disbarment is annulled, and applicant reinstated as an attorney.

In the matter of the application of Orrin N. Hilton for reinstatement as an attorney. Disbarment set aside, and applicant reinstated.

*O. N. Hilton,* of Los Angeles, Cal., in pro. per.

FRICK, J.

Orrin N. Hilton, the applicant, was disbarred by this court July 1, 1916. *In re Hilton,* 48 Utah, 172, 158 Pac. 691, Ann. Cas. 1918A, 271. He now makes application to this court that his disbarment be annulled and set aside and that he be reinstated and readmitted as an attorney and counsellor of this court and that he be restored to all of the rights and privileges of such attorney and counsellor.

The court has carefully examined into the application. It appears that the disbarment of the applicant was based upon misconduct which arose out of the defense of a client who was charged with and convicted of a capital offense, was sentenced to death, and was executed. *State* v. *Hillstrom,* 46 Utah, 341, 150 Pac. 935. The misconduct arose after conviction and execution of such client, and consisted of criticisms of the members of this court in disrespectful language. The criticisms were doubtless largely, if not entirely, prompted by the zeal of the applicant for his client and his client's cause. The applicant has, however, made a full and complete apology to this court for his past conduct and has thoroughly purged himself with regard to that misconduct. He has convinced this court that his apology is now made in good faith. The court further finds that the applicant is now an honored member of the bar of the Supreme Court of California and of the Supreme Courts of several other states of the Union, that his conduct since his disbarment has in all respects been exemplary, and he now concedes that he erred in his criticisms of the members of this court. The court is therefore unanimously of the opinion that, the applicant having fully atoned for his misconduct, his disbarment should be, and it accordingly is, set aside and annulled. The court also directs that he be, and he hereby is, reinstated as an attorney and counsellor of this court, and is restored to all the rights and privileges of the office of an attorney and counsellor to the same effect, and to the same extent as though he had not been disbarred. It

is further ordered that a certified copy of this judgment be forwarded to the applicant.

WEBER, C. J., and GIDEON, THURMAN, and CHERRY, JJ., concur.